In the Matter of Burton H. Besen, an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, July 31, 1986

## APPEARANCES OF COUNSEL

*Michael A. Gentile* for petitioner.

No appearance on behalf of respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to practice by the Second Department on April 4, 1962. At all relevant times he has maintained an office for the practice of law within the First Department. The Departmental Disciplinary Committee has filed a petition alleging three instances of conversion of escrow funds by respondent.

In September 1984, respondent represented the sellers at the closing of sale of a house. There was a possible claim existing against them, estimated to be between $5,000 and $10,000. Respondent was obliged to hold the proceeds of sale in escrow in order to apportion them properly between the sellers according to their respective interests, including the possible claim. On the day of the closing, respondent deposited the proceeds of the sale, $19,601.07, into his escrow account. In the following months, despite demand, respondent neither accounted to one of the sellers nor remitted his share of funds to him. One week after the deposit of the aforesaid sum in respondent's escrow account, the balance in that account was $3,825.27.

In about 1971, respondent became attorney for plaintiff in a personal injury action on a contingent fee retainer. In 1974, respondent acknowledged a lien on any recovery in the amount of $275 in favor of Lubin Rehabilitation Center. In March 1984, respondent retained another law firm as trial counsel for the plaintiff. It was agreed that respondent and the other law firm would share, equally, any fees earned at the conclusion of the matter. In July 1984, after two weeks of trial, the action was settled. On September 25, 1984, respondent deposited $102,196.55, the proceeds of the settlement, in his escrow account. Respondent has not honored the lien of the Lubin Rehabilitation Center nor communicated with it or its attorney regarding that lien. As of November 25, 1985, the plaintiff had not yet received the full amount of the settlement to which he was entitled nor had respondent accounted to him for the proceeds. The respondent did not pay the firm retained by him as trial counsel its agreed fees until August of 1985. On October 31, 1984, the balance in respondent's escrow account, to which the aforesaid $102,196.55 had been deposited, was $838.97. On November 8, 1984, there was an overdraft in that account in the amount of $911.03.

In May 1983, respondent represented the sellers in the sale of a cooperative apartment. On May 6, respondent deposited

the proceeds of that sale, $153,506, into his escrow account. As of November 25, 1985, respondent had not remitted to the sellers all of the proceeds of the sale of the apartment. By July 11, 1983, there was an overdraft in the amount of $2,919.63 in the same escrow account.

The record reveals that each of the foregoing charges was amply supported. The petition should therefore be granted and the respondent disbarred.

KUPFERMAN, J. P., SULLIVAN, ROSS, ASCH and ROSENBERGER, JJ., concur.

Respondent is disbarred from practice as an attorney and counselor-at-law in the State of New York effective September 4, 1986.